Filed 7/16/25  P. v. Esparza CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JAVIER DAVID ESPARZA,<br><br>    Defendant and Appellant. | G063822<br><br>(Super. Ct. No. 10CF1250)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Kimberly Menninger, Judge. Reversed and remanded.

Jared Grant Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

THE COURT:*

Defendant Javier David Esparza appeals the denial of his oral request to recall his sentence and resentence him pursuant to Penal Code section 1172.75.[1] We reverse and remand.

PROCEDURAL HISTORY

As this court detailed in a prior opinion (*People v. Esparza* (Mar. 1, 2018, G053692) [nonpub. opn.]), a jury convicted defendant of second degree robbery (§ 211), receiving stolen property (§ 496, subd. (a)), possession of a firearm by a felon (former § 12021, subd. (a)(1) [reenacted without substantive change as § 29800]), and active participation in a criminal street gang (§ 186.22, subd. (a)). The jury also found true allegations that defendant used a firearm in the commission of the robbery (§ 12022.53, subd. (b)) and that he committed the robbery, received the stolen property, and possessed the firearm for the benefit of, or in association with, a criminal street gang (§ 186.22, subd. (b)(1)). The trial court sentenced defendant to an aggregate term of 23 years. (*Esparza, supra,* G053692.)

Unmentioned in our earlier opinion, two prior prison enhancements (§ 667.5, subd. (b)) were charged and found to be true. But (according to the court minutes) the court struck the enhancements for purposes of sentencing. The section 667.5, subdivision (b) enhancements were not specifically mentioned on the record at the June 21, 2016 sentencing hearing (though the court stated, "Prior convictions are stricken") or in the abstract of judgment.

---

*Before Sanchez, Acting P. J., Gooding, J., and Scott, J.

[1] All statutory references are to the Penal Code.

2

Among other relief, defendant orally requested resentencing relief pursuant to section 1172.75 at a January 19, 2024 hearing.[2] Seemingly acknowledging that the enhancements were still part of the judgment, the trial court "dismissed" the two section 667.5, subdivision (b) enhancements. But the court did not resentence defendant pursuant to section 1172.75, subdivision (d).

## DISCUSSION

"Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a).) "If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (*Id.*, subd. (c); see generally *People v. Rhodius* (June 26, 2025, S283169) ___ Cal.5th ___ [2025 Cal. Lexis 3531].)

Trial courts' consideration of whether to retroactively resentence prisoners under this statute is triggered by a determination of prisoner eligibility by the Department of Corrections and Rehabilitation (the Department). (§ 1172.75, subd. (b).) Neither the parties' briefs nor the appellate record disclosed whether defendant had been identified by the Department pursuant to section 1172.75, subdivision (b).

---

[2] The hearing was primarily directed toward a petition under section 1170.18.

This court requested supplemental briefing. After two rounds of such briefing, the parties are in agreement that: (1) defendant was not deemed eligible by the Department at the time the trial court entered the order challenged on appeal; (2) defendant has still not been identified as eligible by the Department; and (3) the Department has communicated an intention to add defendant to a new list of eligible prisoners soon (notwithstanding the statutory deadline for the Department to complete this process by Dec. 31, 2023). (See § 1172.75, subd. (c)(2).)

Based on this information, the trial court lacked jurisdiction to rule on defendant's oral motion for resentencing pursuant to section 1172.75. (*People v. Cota* (2023) 97 Cal.App.5th 318, 330–333.) Had the court not acted on defendant's motion or denied the motion, we might dismiss this appeal for lack of appellate jurisdiction. (*People v. Burgess* (2022) 86 Cal.App.5th 375, 382 [appellant prematurely moved for relief under § 1172.75, trial court denied the motion, and the appellate court dismissed the appeal as one taken from an order not affecting substantial rights].)

Here, however, the court seemingly granted the motion in part (by purporting to "dismiss[]" the § 667.5, subd. (b) enhancements) and denied the motion in part (by not providing a full resentencing hearing to defendant pursuant to § 1172.75, subd. (d)). To avoid any potential prejudice to defendant that might arise from the trial court's ruling, we reverse the court's order as requested in defendant's supplemental briefing. We decline to address the parties' merit arguments at this time. There is still stark disagreement between the parties as to whether defendant is entitled to resentencing under section 1172.75, even assuming the Department follows through on its apparent representation that defendant will soon be identified as eligible.

4

## DISPOSITION

The trial court's ruling on defendant's oral motion for relief pursuant to section 1172.75 is reversed. The matter is remanded to the trial court with directions to proceed pursuant to section 1172.75, subdivision (c), upon receipt of proof that the Department has deemed defendant eligible for consideration pursuant to section 1172.75, subdivision (b). The trial court should decline to rule on any requests for relief pursuant to section 1172.75 without proof that the Department has deemed defendant eligible for consideration.